UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| DAVID MEDARIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CAUSE NO.: 3:13-cv-194 |
| | ) |
| JASPER ENGINE EXCHANGE INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND JURY DEMAND**

### I. NATURE OF THE CASE

1. This is an action brought by Plaintiff, David Medaris ("Medaris"), by counsel, against Defendant, Jasper Engine Exchange, Inc. ("Defendant"), alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et. seq.*, and for unlawful termination in retaliation for filing a worker's compensation claim, more commonly known as a state law "Frampton" claim.

### II. PARTIES

2. At all times relevant to this action, Medaris resided within the geographical environs of the Southern District of Indiana.

3. At all times relevant to this action, Defendant conducted business within the geographical environs of the Southern District of Indiana and maintained offices within the geographical environs of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

5. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; 28 U.S.C. § 1367; and 42 U.S.C. § 12117.

6. Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A)

7. Medaris is an "employee" as that term is defined by 42 U.S.C. § 12111(4).

8. Medaris satisfied his obligation to exhaust administrative remedies having timely filed U.S. Equal Employment Opportunity Commission Charge 470-2013-00901. Medaris has received his "Right to Sue" Notification and filed his original Complaint within the time limits prescribed.

9. All events pertinent to this lawsuit occurred within the Southern District of Indiana; thus venue is proper.

### IV. FACTUAL ALLEGATIONS

10. Medaris, began working for Defendant on or about February 6, 2012.

11. On or about April 2, 2012, Medaris began to experience pain in his hand for performing work related to soda blasting parts as required for his job.

12. Medaris reported the pain in his hand to his supervisor.

13. On or about August 9, 2012, Medaris informed "Barb" in the human resources/people department that his hand was getting worse.

14. On or about August 9, 2012, Medaris asked to be moved to a different department until his hand was healed.

15. On or about August 16, 2012, Medaris went to the safety office and explained that his hand was still bothering him.

16. In or around September, 2012, Medaris visited Defendant's worker's compensation medical provider. The doctor advised Medaris to wear a brace.

17. After visiting the hospital, Medaris was ordered to report to the human resources/people department. Medaris' supervisors told Medaris that they thought he was lying about his hand.

18. On or about October 5, 2012, Defendant terminated Medaris.

19. At all times prior to his termination, Medaris met Defendant's reasonable work and job expecations.

20. Defendant terminated Medaris because of his disability or perceived disability, in retaliation for engaging in protected activity by requesting an accommodation for his disability or perceived disability, and in retaliation for filing a worker's compensation claim under Indiana law.

V.   LEGAL ALLEGATIONS

COUNT I:  DISABILITY DISCRIMINATION

21. Medaris hereby incorporates paragraphs one (1) through twenty (20) of his Complaint.

22. Defendant subjected Medaris to disparate treatment on the basis of his disability or its perception of his disability and unlawfully terminated Medaris' employment.

23. Defendant's actions were in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12112.

24. Defendant's actions were willful, intentional, and done with reckless disregard for Medaris' civil rights.

25. Medaris suffered damages as a result of Defendant's unlawful actions.

### COUNT II:  FAILURE TO ACCOMMODATE

26. Medaris hereby incorporates paragraphs one (1) through twenty-five (25) of his Amended Complaint.

27. Defendant failed to accommodate Medaris for a known disability for which a reasonable accommodation existed.

28. Defendant's actions were in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12112.

29. Defendant's actions were willful, intentional, and done with reckless disregard for Medaris' civil rights.

30. Medaris suffered damages as a result of Defendant's unlawful actions.

### COUNT III:  UNLAWFUL RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT

31. Daniels hereby incorporates paragraphs one (1) through thirty (30) of his Amended Complaint.

32. Defendant terminated Medaris because he engaged in protected activity under the Americans with Disabilities Act of 1990, as amended, by requesting a reasonable accommodation.

33. Defendant's actions were in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12203.

34. Defendant's actions were willful, intentional, and done with reckless disregard for Medaris' civil rights.

35. Medaris suffered damages as a result of Defendant's unlawful actions.

## COUNT IV: INDIANA "FRAMPTON" CLAIM

36. Medaris hereby incorporates paragraphs one (1) through thirty-five (35) of his Amended Complaint.

37. Defendant terminated Medaris because he filed a claim for coverage under Indiana's Worker's Compensation Act.

37. Defendant's actions were in violation of Indiana law

38. Defendant's actions were willful, intentional, and performed with reckless disregard for Medaris' rights

39. Medaris suffered damages as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, David Medaris, by counsel, respectfully requests that this Court enter judgment in his favor and grant the following relief:

a. Reinstate Medaris to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful actions; and/or payment to Medaris of front pay in lieu thereof;

b. Payment to Medaris of all lost wages and benefits incurred as a result of Defendant's unlawful actions;

c. Payment to Medaris of compensatory.

d. Award the Plaintiff punitive damages;

e. Award the Plaintiff pre-and post-judgment interest on all sums recoverable; and

  f.  Payment to Medaris of all costs and attorney fees incurred in litigating this action; and

  g.  Award any other such relief that this Court deems necessary.

            Respectfully submitted,

            s/William M. Krowl_____
            William M. Krowl
            KROWL LAW, LLC
            201 NW 4th Street, Suite 108
            Evansville, IN 47708
            Tele:  (812) 463-2046
            Fax:   (812) 490-7810
            Email: krowllegal@gmail.com

## **JURY DEMAND**

Plaintiff, David Medaris, by counsel, respectfully requests a trial by jury on all issues deemed so triable.

            Respectfully submitted,

            s/William M. Krowl_____
            William M. Krowl
            KROWL LAW, LLC
            201 NW 4th Street, Suite 108
            Evansville, IN 47708
            Tele:  (812) 463-2046
            Fax:   (812) 490-7810
            Email: krowllegal@gmail.com